UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

TERRENCE D. MARTIN and
LYNNE M. MARTIN,
                 Debtors.              No. 7-09-10956 JA

UNITED STATES TRUSTEE,
                 Plaintiff,

v.                                 Adv. No. 09-1075 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                 Defendant.
_____

In re:

TIMOTHY FELIX TREE and
DONNA KATHERINE LEE-TREE,
                 Debtors.              No. 7-09-11188 SA

UNITED STATES TRUSTEE,
                 Plaintiff,

v.                                 Adv. No. 09-1076 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                 Defendant.
_____

In re:

THOMAS A. TRUJILLO and
GERALDINE M. TRUJILLO,
                 Debtors.              No. 7-09-10920 SS

UNITED STATES TRUSTEE,
                 Plaintiff,

v.                                 Adv. No. 09-1077 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                 Defendant.
_____

In re:

DAN R. McBRIDE,
                    Debtor.                          No. 7-09-10902 MS

UNITED STATES TRUSTEE,
                    Plaintiff,

v.                                                   Adv. No. 09-1078 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                    Defendant.
_____

In re:

JESSICA LYNN ROBERTSON,
                    Debtor.                          No. 7-09-10983 MA

UNITED STATES TRUSTEE,
                    Plaintiff,

v.                                                   Adv. No. 09-1079 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                    Defendant.
_____

In re:

KEVIN LOWE ROBERTS,
                    Debtor.                          No. 7-09-11094 MA

UNITED STATES TRUSTEE,
                    Plaintiff,

v.                                                   Adv. No. 09-1080 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                    Defendant.
_____

Page -2-

In re:

SCOTT E. CASTILLO,
                    Debtor.                              No. 7-09-11410 MA

UNITED STATES TRUSTEE,
                    Plaintiff,

v.                                                        Adv. No. 09-1081 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                    Defendant.
_____

In re:

SHARON C LOVATO,
                    Debtor.                              No. 13-09-12786 JS

UNITED STATES TRUSTEE,
                    Plaintiff,

v.                                                        Adv. No. 09-1100 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                    Defendant.
_____

In re:

WILLIE CRUZ PADILLA and
RITA LEE PADILLA,
                    Debtors.                             No. 7-09-11797 SA

UNITED STATES TRUSTEE,
                    Plaintiff,

v.                                                        Adv. No. 09-1101 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                    Defendant.
_____

Page -3-

In re:

ROBERT ERNEST JORDAN and
BILLIE JO JORDAN,
                Debtors.                              No. 13-09-12081 SA

UNITED STATES TRUSTEE,
                Plaintiff,

v.                                                    Adv. No. 09-1102 S

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                Defendant.
_____


UNITED STATES TRUSTEE,                               **ALL ABOVE**
                Plaintiff,                           **ADVERSARIES**
                                                     **CONSOLIDATED INTO**
v.                                                   **Adv. No. 09-1075 S**

PAMELA BROWN,
SOUTHWEST BANKRUPTCY SERVICES,
                Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### AFTER TRIAL ON THE MERITS

    This matter came before the Court on November 10, 2009, for
trial on the merits of Plaintiff United States Trustee's ("UST")
complaint[1] against Defendant Pamela Brown ("Brown").  The UST
appeared through its attorney Leonard Martinez-Metzgar.  Brown
did not appear at the trial, although she appeared at several

_____

    [1]Ten adversary cases were consolidated into the Adversary
09-1075.  All seek substantially the same relief from Brown, who
is the bankruptcy petition preparer ("BPP") that prepared the ten
bankruptcy cases.  After the entry of these Findings of Fact and
Conclusions of Law, the ten adversaries will be unconsolidated
and individual judgments will be entered in the ten adversary
cases.

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 4 of 43

pretrial conferences and participated partially in other pretrial matters.

In this adversary proceeding the UST seeks a declaration that Brown has been practicing law without a license[2] and has violated numerous sections of 11 U.S.C. § 110. It seeks a permanent injunction against Brown, fines and disgorgement of fees paid to her[3].

The UST presented testimony from thirteen witnesses, introduced two depositions into evidence, and presented twenty-eight exhibits, all of which were admitted into evidence. The Court also took judicial notice of earlier proceedings in this adversary, particularly the motion for an injunction and the award of preliminary injunctive relief, and judicial notice of the ten related main bankruptcy files. Based on the evidence presented and the arguments of the UST, the Court finds that a judgment for monetary relief and permanent injunctive relief should be entered for the UST.

_____

[2]The statute, § 110(k), prohibits the unauthorized practice of law, but does not contain a specific sanction provision as do other parts of § 110.

[3]The United States Trustee has standing to bring disgorgement and damages motions against a bankruptcy petition preparer who violates § 110. 11 U.S.C. §§ 110(l)(3). The United States Trustee in the district in which a bankruptcy petition preparer resides, has conducted business, or the United States Trustee in any district in which the debtor resides, has standing to bring an injunction action against a bankruptcy petition preparer for violations of § 110. 11 U.S.C. § 110(j)(1).

Case 09-01075-s    Doc 59    Filed 02/08/10    Entered 02/08/10 15:16:37 Page 5 of 43

The Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and Administrative Order Misc. No. 84-0324 (D. N.M. March 19, 1992). The Court has personal jurisdiction over the parties. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## **FINDINGS OF FACT**

1.    Brown is no stranger to the United States Bankruptcy Court for the District of New Mexico. On June 2, 2009, the Honorable Mark B. McFeeley entered Findings of Fact and Conclusions of Law in <u>In re Salazar</u>, No. 7-08-12538-MA (Bankr. D. N.M. 2009)(2009 Westlaw 2922799). Judge McFeeley ruled that Brown was a BPP, and that she had given legal advice by determining under what chapter of the Bankruptcy Code to file, advising what debts would be discharged, determining the classification of the debts, and determining whether to take New Mexico exemptions and then applying them to the debtor's assets. He found that a $200 charge by Brown was excessive and disallowed all but $100 of her fees. And, he fined Brown $200 for her violation of Section 110 of the Bankruptcy Code.

2.    The UST commenced these adversary proceedings on June 3, 2009.

3.    On October 1, 2009, this Court entered a Preliminary Injunction against Brown which ordered:

> IT IS THEREFORE ORDERED that Defendant Pamela Brown is hereby enjoined from acting as a bankruptcy petition

Page -6-

preparer effective immediately, including but not
limited to, the following:
A. Defendant Brown shall not provide any assistance to
anyone in connection with any bankruptcy matter in any
capacity including but not limited to as a sole
proprietor, partner, officer, employee, or in
association with any relative or legal entity
controlled by a relative.
B. Defendant Brown shall not help anyone fill out
bankruptcy forms, give legal advice; and/or submit
documents to the bankruptcy court on anyone's behalf;
C. With regard to petitions not yet completed and/or
not yet provided to customers/potential debtors,
Defendant Brown shall:
> 1. Call each customer/prospective debtor and tell
> them that she can no longer provide services for
> them and that they should return to Defendant
> Brown's office and pick up original documents
> (such as bank statements, check registers, etc.)
> previously provided to Defendant Brown;
> 2. Refund to each customer/ potential debtor any
> funds collected by Defendant Brown for her
> services and tell them to seek help from another
> bankruptcy petition preparer or an attorney;
> 3. Shred or otherwise destroy any documents in
> Defendant Brown's possession which she has
> prepared or is in the process of preparing for
> customers/potential debtors.

On November 19, 2009, the Court entered an Order Continuing

Injunction pending the filing of these Findings of Fact and

Conclusions of Law. (doc 57).

4.    Lynn Martin ("Martin") testified that Brown had prepared

her bankruptcy statements and schedules, Exhibit T-1. Brown

informed Martin about the need for credit counseling. Martin

does not know the difference between federal and state

exemptions, nor does she know the difference between priority and

unsecured debts. Brown selected the exemption statutes to claim

exemptions and separated out priority from unsecured debts on the

schedules.  Martin did not know what a presumption was, and did not remember checking the box on Form 22A that the presumption "did not arise".  Martin paid Brown $395 for preparation of her documents.  The Statement of Financial Affairs ("SFA") question 9 states that Martin paid nothing for debt counseling or bankruptcy.  Page 3 of the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address.  It stated only "pro se."  Martin did not know why Brown put "pro se" on the petition.  Martin also disclosed to Brown that she had a car accident claim, but Brown told her that she did not need to list it as an asset.  Brown failed to attach Official Form 19 ("Form 19"), which is a mandatory attachment whenever a BPP prepares a document for filing[4].  At the first meeting of creditors, Martin filled out the Questionnaire for Debtors Without an Attorney, which is a UST prepared questionnaire supplied by Trustees to self-represented debtors.  In it, Martin stated that Brown had explained the difference between Chapters 7 and 13 and explained what an exemption was.  At the first meeting of creditors, the Martins told the Trustee about the accident claim, which the Trustee is now administering.  The case trustee is Philip Montoya.

5.    Jessica Ramirez ("Ramirez") testified that Lynn Martin is her daughter and that the latter recommended Brown as a petition

---

[4]See 11 U.S.C. § 110(b)(2)(B)(iii)(II).

Page -8-

preparer. Ramirez paid Brown $395, but ended up not filing bankruptcy. Twice she asked for a refund and a return of her documents and twice was told that Brown was not allowed to give back anything.

6.    Philip J. Montoya ("Montoya") was the trustee appointed in the Martin case. He testified that he questioned the Debtors about having any causes of action and they admitted to having the auto accident claim, and in addition, a claim against a chiropractor for further injuries. The Martin case is now an asset case. Montoya testified that he has had prior experience with Brown not listing assets. In In re Larry Lee Davis, No. 08-13208-s7 (Bankr. D. N.M. 2008), Brown did not list the seller's interest in a real estate contract as an asset of the Debtor. That interest is now listed on the Trustee's interim reports at $52,762.

7.    Michael Caplan ("Caplan") was the Chapter 7 trustee in several of these cases. He testified generally that he encounters problems in cases prepared by Brown. Specifically, he was troubled by Brown's habit of not signing the petition or disclosing her social security number or address, and of not disclosing payments to her in a disclosure statement or in the statement of financial affairs. By having the debtors sign the documents, he believed Brown was causing debtors to commit perjury.

Case 09-01075-s    Doc 59    Filed 02/08/10    Entered 02/08/10 15:16:37 Page 9 of 43

8.    Robert Jordan ("Jordan") testified that Brown had prepared his bankruptcy statements and schedules, Exhibit T-25.  Brown informed Jordan about the need for credit counseling.  Jordan does not know the difference between federal and state exemptions, nor does he know the difference between priority and unsecured debts.  Brown selected the exemption statutes to claim exemptions and separated out priority from unsecured debts on the schedules.  Jordan did not know what a presumption was, and did not remember checking the box on Form 22A that the presumption "did not arise".  Martin paid Brown $400 for preparation of his documents.  SFA question 9 states that Jordan paid nothing for debt counseling or bankruptcy.  Page 3 of the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address.  Brown failed to attach Form 19.  The (chapter 13) case trustee is now Kelley Skehen.

9.    P. Diane Webb ("Webb"), an Albuquerque bankruptcy attorney, ended up representing Jordan in his bankruptcy case.  She testified about problems with the original filing, which she described as "a mess."  She had to amend schedules A, B, C, D, E, F, I, J, the SFA and the B22C.  In addition, she learned that Jordan had filed bankruptcy to save his house, thinking that he was obtaining the relief afforded by a Chapter 13.  Jordan had been negotiating with Bank of America to modify the mortgage loan, but when he filed bankruptcy the modification fell through.

Webb caused the case to be converted to Chapter 13 to save the house.

10.    Sharon Lovato ("Lovato") testified that Brown had prepared her bankruptcy statements and schedules, Exhibit T-19.  Brown informed Lovato about the need for credit counseling.  Lovato does not know the difference between federal and state exemptions, nor does she know the difference between priority and unsecured debts.  Brown selected the exemption statutes to claim exemptions and separated out priority from unsecured debts on the schedules.  Lovato did not know what a presumption was, and did not remember checking the box on Form 22A that the presumption "did not arise".  Lovato paid Brown $395 for preparation of her documents.  SFA question 9 states that Lovato paid nothing for debt counseling or bankruptcy.  Page 3 of the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address.  It stated only "Pro Se."  Brown failed to attach Form 19.  Lovato told Brown that she had filed a previous bankruptcy in 2004.  Brown told her that there was only a five-year waiting period between bankruptcies. The UST filed a motion to dismiss Lovato's case for discharge ineligibility under § 727(a)(8).  In response, Lovato hired an attorney and she is now in Chapter 13.  The case trustee is now Kelley Skehen.

11. Gerald Velarde, an Albuquerque bankruptcy attorney, ended up representing Lovato in her Chapter 13 case. He testified in addition to converting the case to Chapter 13, he had to amend Schedule B and file amended exemptions to make use of the federal "wildcard" exemption.

12. Jessica Robertson ("Robertson") testified that Brown had prepared her bankruptcy statements and schedules, Exhibit T-13. Brown informed Robertson about the need for credit counseling. Robertson does not know the difference between federal and state exemptions, nor does she know the difference between priority and unsecured debts. Brown selected the exemption statutes to claim exemptions and separated out priority from unsecured debts on the schedules. Robertson did not know what a presumption was, and did not remember checking the box on Form 22A that the presumption "did not arise". She also does not know what an executory contract or unexpired lease is. Robertson paid Brown $395 for preparation of her documents. SFA question 9 states that Robertson paid nothing for debt counseling or bankruptcy. Page 3 of the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address. It stated only "Pro Se." Brown failed to attach Form 19. The case trustee is Yvette Gonzales.

13. Scott Castillo ("Castillo") testified that Brown had prepared his bankruptcy statements and schedules, Exhibit T-7.

Page -12-

Brown chose to use the federal exemptions by checking the box on Schedule C. Castillo paid Brown $395 for preparation of his documents. SFA question 9 states that Jordan paid nothing for debt counseling or bankruptcy. Page 3 of the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address. It states only "Pro Se." Brown failed to attach Form 19. The case trustee is Linda Bloom.

14. Kevin Roberts ("Roberts") testified that Brown had prepared his bankruptcy statements and schedules, Exhibit T-3. Brown informed Roberts about the need for credit counseling. Roberts does not know the difference between federal and state exemptions, nor does he know the difference between priority and unsecured debts. Brown selected the exemption statutes to claim exemptions and separated out priority from unsecured debts on the schedules. Jordan did not know what a presumption was, and did not remember checking the box on Form 22A that the presumption "did not arise". Martin paid Brown $295 for preparation of his documents. SFA question 9 states that Jordan paid nothing for debt counseling or bankruptcy. Page 3 of the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address. Roberts' petition was

Case 09-01075-s    Doc 59    Filed 02/08/10    Entered 02/08/10 15:16:37 Page 13 of 43

accompanied by an outdated[5] Form 19, which failed to disclose
necessary information.  At the first meeting of creditors the
Trustee, through questioning, discovered an unlisted creditor and
asked Roberts to amend to add the creditor.  Brown prepared an
amendment to Schedule F adding the creditor, for which she
charged $50.  Nowhere on the amendment did Brown disclose that
the amendment was prepared by a petition preparer, and it did not
disclose her name, social security number or address.  Brown
failed to attach Form 19 to the amendment.  The case trustee is
Michael Caplan.

15.   Donna Lee-Tree ("Lee-Tree") testified that Brown had
prepared her bankruptcy statements and schedules, Exhibit T-9.
Lee-Tree does not know the difference between federal and state
exemptions, nor does she know the difference between priority and
unsecured debts.  Brown selected the exemption statutes to claim
exemptions and separated out priority from unsecured debts on the
schedules.  Brown elected to list the student loan debt on
Schedule E.  Lee-Tree did not know what a presumption was, but
remembers being instructed to check the box on Form 22A that the
presumption "did not arise".  Lee-Tree paid Brown $395 for
preparation of her documents.  SFA question 9 states that Lee-
Tree paid nothing for debt counseling or bankruptcy.  Page 3 of

---

[5]Brown used the 10/05 version of Form 19.  Form 19 was
revised in 12/07 and now requires the name, address, social
security number and signature of the BPP.  See Official Form 19.

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 14 of 43

the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address. It stated only "Pro Se." Brown failed to attach Form 19. Exhibit T-11 is a sample of the printed questionnaire Brown gave to Debtors to fill out that enabled her to prepare the bankruptcy papers. It is substantially identical to the forms used by attorneys to collect information for preparing bankruptcies. The case trustee is Michael Caplan.

16. Michael Daniels ("Daniels"), an Albuquerque bankruptcy attorney, testified that after the first meeting of creditors in the In re Willie Cruz Padilla and Rita Lee Padilla, No. 09-11797-s7 (Bankr. D. N.M. 2009), he met with the Padillas upon recommendation of the Trustee. Brown had filed the Padillas' original papers. Exhibits T-15, 16. Daniels amended Schedule B to list omitted bank accounts and a preference claim against Target for $6,742 and Schedule C to exempt the assets. He also amended the SFA to disclose the Target garnishment and item 9 to indicate that the Padillas had paid $300 to Brown. The original SFA question 9 states that the Padillas paid nothing for debt counseling or bankruptcy. Page 3 of the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address. It stated only "Pro Se." The Padilla's case trustee is Yvette Gonzales.

Case 09-01075-s    Doc 59    Filed 02/08/10    Entered 02/08/10 15:16:37 Page 15 of 43

17.  Thomas Trujillo and Geraldine Trujillo ("Trujillos")
testified by deposition.  They testified that Brown had prepared
their bankruptcy statements and schedules, Exhibit 3 to
Deposition.  They do not know the difference between federal and
state exemptions, nor do they know the difference between
priority, secured and unsecured debts.  Brown listed their home
as owned "JTWROS" without explaining what this was or what it
meant.  Brown selected the exemption statutes to claim exemptions
and separated out secured from unsecured debts on the schedules.
Brown omitted the home mortgage from Schedules A and D because
the Trujillos stated their intention to pay the debt.  The
Trujillos did not know what a presumption was, but remember being
instructed to check the box on Form 22A that the presumption "did
not arise".  The Trujillos paid Brown $395 for preparation of
their documents.  SFA question 9 states that the Trujillos paid
nothing for debt counseling or bankruptcy.  Page 3 of the
Voluntary Petition was not signed by Brown, did not disclose her
social security number, and did not disclose her address.  It
stated only "Pro Se."  Brown failed to attach Form 19.  At the
first meeting of creditors, the Trujillos filled out the
Questionnaire for Debtors Without an Attorney.  In it, they
stated that Brown had explained the difference between Chapters 7
and 13 and explained what an exemption was.  The case trustee is
Yvette Gonzales.

18.  The Dan R. McBride ("McBride") petition appears at Trustee Exhibit T-17.  Exhibit T-18 is the Questionnaire for Debtors without an attorney that Trustee Yvette Gonzales had McBRIDE complete.  It discloses that he paid $395 to Brown for preparing his papers.  She had explained the difference between chapter 7 and 13, and had explained exemptions.  Exhibit T-17 SFA question 9 states that the McBride paid nothing for debt counseling or bankruptcy.  Page 3 of the Voluntary Petition was not signed by Brown, did not disclose her social security number, and did not disclose her address.  It stated only "Pro Se."  Brown failed to attach Form 19.  The case trustee is Yvette Gonzales.

19.  Yvette Gonzales, a Chapter 7 Trustee, testified through a deposition.  She is a very experienced trustee, having been on the Trustee Panel since 1993.  She was the trustee in five of the ten cases involved in this consolidated adversary.  She has grown to distrust the reliability of documents filed by Brown.  She testified that, in general, debtors that have used Brown do not know why certain exemptions were claimed, don't know why certain numbers appear in various places, and don't know why some creditors are not scheduled.  She noticed that after Judge McFeeley fined Brown for violations of § 110, she stopped signing any documents she prepared or putting any other identifying information on them.  The balance of her testimony agrees with what the debtors testified to at the trial.

Case 09-01075-s    Doc 59    Filed 02/08/10    Entered 02/08/10 15:16:37 Page 17 of 43

20. No Plaintiff in this combined adversary put on evidence of actual damages or the payment of attorney's fees or costs in moving for damages.

21. The Court finds that Brown intentionally concealed her involvement as a bankruptcy petition preparer in the ten bankruptcy cases involved in this adversary proceeding.

**CONCLUSIONS OF LAW**

**A.**     **Section 110**

> The conduct of non-attorney bankruptcy petition preparers is regulated by § 110 of the Bankruptcy Code, which was initially enacted as part of the Bankruptcy Reform Act of 1994 and expanded upon by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The purpose of the statute was to address the proliferation of bankruptcy petition preparers not employed or supervised by attorneys and to enact limitations on and standards for the types of activities in which bankruptcy petition preparers could be engaged, particularly with respect to providing legal advice and engaging in the unauthorized practice of law.

In re Evans, 413 B.R. 315, 319-20 (Bankr. E.D. Va. 2009)

(Citations omitted).

Case 09-01075-s    Doc 59    Filed 02/08/10    Entered 02/08/10 15:16:37 Page 18 of 43

The UST is seeking relief under 11 U.S.C. § 110, which is
set out in full in Appendix A to this opinion.[6]  This lengthy
code section can be broadly summarized as follows:

---

[6] Section 110 is part of the Code, and therefore of course
the Court will enforce its provisions, despite the fact that it
is irretrievably flawed.

A few minutes' thought (much less the time it takes to pass
legislation) makes apparent the contradiction at the heart of the
bankruptcy petition preparer statute.  In reality a BPP is
permitted by state law to do little more than provide the forms
that are freely available from the Clerk's office and the
internet, and to serve as a typist to fill out those forms as
dictated by the debtor.  In short, most thirteen-year-olds can
perform the role of a BPP.  Yet the statute has spawned an entire
industry of persons effectively posing as "bankruptcy paralegals"
(if not outright attorneys) whose clientele are legions of
debtors who in a real sense have no idea of what they are doing
or with whom they are dealing.

There is no way a BPP can perform the duties effectively
contemplated by the statute without making a variety of legal
decisions for the debtors.  For example, is the decision about
whether the debtors will file a chapter 7 or a chapter 13
petition determined by the form the BPP provides to the debtors?
How is a decision to reaffirm made?  (Whether to reaffirm can
have a significant impact on a debtor's ability to keep the
collateral, 11 U.S.C. §§ 521(a)(2)(B) and (6); 524(c); and
362(h)(1), collateral which debtors often need to continue
earning a living.  On the other hand, a reaffirmed debt,
particularly one which exceeds the value of the collateral or is
burdensome to the debtor, and cannot be discharged, poses a
serious threat to the utility of the debtor's discharge.)  Even
more apparent is the legal impact of the selection of exemptions,
which is inherently an entire series of legal decisions matching
the facts to the law.

The justification for the statute apparently lies in the
proposition that "many cases are routine".  See 11 U.S.C. §
527(b) (setting out required disclosures about bankruptcy
assistance from an attorney or BPP).  No doubt this is true, but
that simplistic analysis essentially conflates, or confuses,
"routine" with "simple".  There are hundreds if not thousands of
"routine" heart surgeries performed each day, but no one would
call them "simple".  Bottom line, Section 110 is a hoax
carelessly perpetrated on debtors and even on those good faith
BPPs who fail to understand what they are really doing.

Page -19-

Subsection (a) contains definitions of "bankruptcy petition preparer" and a "document for filing." Subsections (b) through (h)(2) mainly spell out specific affirmative and negative duties the BPP has:

> (b)(1): to sign and provide address on documents prepared;
> (b)(2): to provide Official Form 19 to the debtor regarding prohibitions on giving legal advice, which also must be signed by the debtor and BPP and filed;
> (c): to provide a social security number on documents prepared;
> (d): to provide the debtor with a copy of the documents prepared;
> (e)(1): to not execute a document on behalf of a debtor;
> (e)(2): to not, in fact, give any legal advice;
> (f): to not use the word "legal" in any advertisement;
> (g): to not collect any part of the filing fee from the debtor;
> (h)(1): to follow any Supreme Court rules or guidelines on permissible fees;[7]
> (h)(2): to disclose, under penalty of perjury, all amounts received from the debtor.

Subsections (h)(3) through (l) mainly set out penalties for various violations of the duties established in subsections (b) through (h)(2). Subsections (h)(3) through (h)(5) require a turnover of moneys to the case trustee:

> (h)(3): requires a BPP to turn over to the case trustee any fee received in violation of (h)(1) or in excess of the value of the services rendered. Also, if the BPP has violated any of the subsections (b) through (g), the Court may order forfeiture of all fees charged;

---

[7] As of the issuance of this opinion, a little over five years after this provision of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") became effective, there are no such rules or guidelines.

(h)(4): describes who can move under subsection (h)(3)[8] for a turnover of fees to the trustee; and
(h)(5): provides a fine of $500 for each failure to comply with an (h)(3) court order to turn over funds within 30 days.

Subsection (i) provides for damages to the debtor and statutory

damages to the person[9] (other than the debtor) filing the motion

---

[8] The statute actually refers to subsection (h)(2) rather than (h)(3). This is clearly a typographical error, since, as noted above, it is subsection (h)(3) that provides for the court to order a BPP to turn over fees that have been paid, rather than subsection (h)(2), which requires the BPP to file a disclosure of fees paid. While the Supreme Court has let stand obvious typographical errors when they more or less made sense as written, Lamie v. United States Trustee, 540 U.S. 526, 542 (2004) (dealing with compensation of debtor's attorney from chapter 7 estate), the court has also stated explicitly that a statute need not be applied as written if to do so would lead to an absurd result. E.g., id. at 534; United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989). In this instance, to apply the statute literally as written makes no sense, and the intent of Congress, always the goal of statutory interpretation and usually divined from the language itself, Connecticut National Bank v. Germain, 503 U.S. 249, 253-54 (1992), can easily be gleaned from the bungled statutory language.

[9] Although not relevant to this case, there appears to be an ambiguity in the statute about whether a creditor can pursue relief under subsection 110(i)(2). Subsection 110(i)(1) seems to restrict standing to "the debtor, trustee, United States trustee (or the bankruptcy administrator, if any.)" See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6-7 (2000)("Where a statute ... names the parties granted [the] right to invoke its provisions, ... such parties only may act.")(quoting 2A N. Singer, Sutherland on Statutory Construction § 47.23, p. 217 (5th ed.1992))  But, subsection 110(i)(2) provides that "If the trustee or creditor moves for damages on behalf of the debtor..." (emphasis added).  Under subsection 110(i)(1) a creditor lacks standing; under 110(i)(2) it seems to have standing.  The contradiction may be explained by the fact that the original language of subsection (i)(1) addressed the consequence of a dismissal of a case for, among other things, the failure to file section 521(1) papers (i.e., schedules, statement
(continued...)

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 21 of 43

under subsection (i).  Subsection (i) penalizes any violation of

Section 110 or any act that the court finds to be fraudulent,

unfair or deceptive.  Subsection (j) deals with injunctive

relief.  Subsection (k) reiterates that nothing in section 110

authorizes activities otherwise prohibited by law, including the

unauthorized practice of law.[10]  Subsection (k) has no penalty

_____

[9](...continued)
of financial affairs, etc.) due to the BPP's fault, and provided
for relief for the debtor.  The statute gave a creditor the right
to seek that relief since the creditor could also be damaged by
the BPP's failure in that regard.  Subsection (i)(2), giving a
creditor (and a trustee) the right to damages and attorney fees
and an incentive to seek that relief against the BPP was
consistent with subsection (i)(1) as it then stood.  BAPCPA
amended subsection (i)(1) to delete the creditor's right to
pursue relief but did not amend (i)(2), apparently another
example, were one needed (see footnote 8 above), of the shoddy
drafting of BAPCPA.

[10]The practice of law in New Mexico without a license is a
crime.  One must have a license to practice law or face a $500
fine and/or up to 6 months in jail.  NMSA § 36-2-28. One must
pass the bar examination to get a license.  SCRA 15-103.  The
Bankruptcy Code does not define what constitutes the unauthorized
practice of law.  Cases uniformly refer to state law to determine
what constitutes unauthorized practice of law.  See, e.g., In re
Bachmann, 113 B.R. 769, 772 (Bankr. S.D. Fla. 1990).  New Mexico
has not limited the definition of the practice of law to signing
pleadings or appearing in court on another's behalf.  Matter of
Chavez, 129 N.M. 35, 42, 1 P.3d 417, 424 (2000).  Instead, the
Courts have taken a case by case approach and conducted a fact-
specific inquiry to see if, in fact, a party is giving legal
advice to a client whether they are appearing in court for the
client or not.  Id.  For example, in State Bar of New Mexico v.
Guardian Abstract and Title Co., Inc., the New Mexico Supreme
Court was faced with deciding whether the defendant title company
had been engaging in the unauthorized practice of law by filling
out attorney-prepared blank forms.  91 N.M. 434, 575 P.2d 943
(1978).
         We hold that filling in blanks in the legal instruments
                                             (continued...)

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 22 of 43

attached, however.  Subsection (l)(1) sets out a maximum fine of

$500 payable to the UST for each violation of a provision of

subsections (b) through (h).  Subsection (l)(2) sets out

conditions in which the fines are tripled.  Subsection (l)(3)

describes who can file a motion under subsection (l).  Subsection

---

[10](...continued)
here involved, where the forms have been drafted by
attorneys and where filling in the blanks requires only
the use of common knowledge regarding the information
to be inserted, does not constitute the practice of
law.  But, we further hold that, when the filling in of
the blanks affects substantial legal rights, and if the
reasonable protection of such rights requires legal
skill and knowledge greater than that possessed by the
average citizen, then such practice is restricted to
members of the legal profession.  (Citations omitted.)
Id. at 440, 575 P.2d at 949.  Accord In re Anderson, 79 B.R. 482,
484 (Bankr. S.D. Cal. 1987):
> Whether one is engaged in the practice of law or is
> merely a legal scrivener has long been settled under
> California law. In People v. Sipper, 61 Cal.App.2d
> Supp. 844, 846 (1943), the court wrote:
>> The term "practice law" or its equivalent, "the
>> practice of law," has been repeatedly defined by
>> our reviewing courts. They have uniformly said
>> that "as the term is generally understood, the
>> practice of law ... includes legal advice and
>> counsel and the preparation of legal instruments
>> and contracts by which legal rights are secured
>> although such matter may or may not be depending
>> in a court."

Bankruptcy Code section 110(e)(2)(B) contains a nonexclusive list
of certain types of advice a BPP may not provide: whether to file
bankruptcy, which chapter would be appropriate, whether any
particular debt is dischargeable, whether the debtor can keep
certain assets, tax consequences of bankruptcy, whether the
debtor should reaffirm a debt, concerning how to characterize the
nature of the debtor's interests in property or debts, and
concerning bankruptcy procedures and rights.

Page  -23-

(l)(4) requires the UST to deposit fines received into a certain fund.

**B.**   **General Conclusions of Law**

1.   Brown is a bankruptcy petition preparer.  11 U.S.C. § 110(a).

2.   Brown has continually and intentionally engaged in conduct prohibited by 11 U.S.C. § 110 and has engaged in the unauthorized practice of law.

3.   Brown has continually and intentionally violated 11 U.S.C. § 110(b)(1) by failing to sign and to place her name and address on documents she prepared for filing.

4.   Brown has continually and intentionally violated 11 U.S.C. § 110(b)(2) by failing to have debtors sign Form 19, by failing to sign Form 19, and by failing to file a Form 19 with each document she prepared for filing.

5.   Brown has continually and intentionally violated 11 U.S.C. § 110(c) by failing to place her social security number on any document she prepared for filing.

6.   Brown has continually and intentionally violated 11 U.S.C. § 110(e)(2) which prohibits providing any legal advice to a potential bankruptcy debtor.  The violations include 1) instructing debtors about the need for credit counseling, 2) deciding under which chapter to file, 3) deciding whether debtors should include certain properties or debts on the schedules, 4)

choosing exemption schemes on behalf of the debtors and then applying them to the debtors' properties, 5) determining how to characterize secured, unsecured and priority debts, 6) determining whether the presumption of abuse arises, and 7) in general providing advice regarding bankruptcy procedures and rights.

7.   Brown has continually and intentionally violated 11 U.S.C. § 110(h)(2) by failing to disclose any fees received from or on behalf of debtors within 12 months immediately prior to the filing of the case and any unpaid fees.

8.   When a BPP engages in the unauthorized practice of law, the BPP is committing a "fraudulent, unfair or deceptive act." See In re Evans, 413 B.R. at 327 ("[C]ourts have uniformly held that the unauthorized practice of law constitutes a 'fraudulent, unfair, or deceptive' act.")

**C.   Specific Conclusions of Law**

9.   Regarding Martin's case, Brown violated § 110(b)(1) by failing to put her name and address on the petition.  Brown violated § 110(b)(2) by failing to file a properly signed Form 19.  Brown violated § 110(c) by failing to provide her social security number.  Brown violated § 110(e)(2) by practicing law by informing Debtor about the need for credit counseling, explaining exemptions, applying exemptions to Debtor's property, classifying debts as secured or unsecured and priority, informing Debtor that

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 25 of 43

the presumption did not arise, and by advising her to leave certain assets off the schedules. Brown violated § 110(h)(2) by failing to disclose her fees. "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with [subsection (h)] or subsection (b), (c), (d), (e), (f) or (g)." 11 U.S.C. § 110(h)(3)(B). The Court finds that Brown shall forfeit her fees in this case in the amount of $395, with such fees being payable to the trustee Philip Montoya.[11] By attempting to hide her connection to the case by failing to identify herself or provide her social security numbers, the Court finds Brown's actions deceptive. In addition, by practicing law, she has engaged in a "fraudulent, unfair, or deceptive" act. Under § 110(i)(1) the Court must order Brown to pay to the Debtor the greater of $2,000 or twice the amount paid, _i.e._, $2,000. Finally, "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 110(l)(1). And, the Court must then triple the fine where the BPP "failed to disclose the identity of the bankruptcy petition preparer." 11 U.S.C. § 110(l)(2)(D). Brown violated five subsections of the

---

[11] As provided by § 110(h)(3)(C), Martin (and the other debtors in their cases) may file a motion to claim this refund as exempt.

statute and is therefore fined $2,000[12], which must be tripled for her failure to disclose her identity. An appropriate judgment will enter.

10. Regarding Jordan's case, Brown violated § 110(b)(1) by failing to put her name and address on the petition. Brown violated § 110(b)(2) by failing to file a properly signed Form 19. Brown violated § 110(c) by failing to provide her social security number. Brown violated § 110(e)(2) by practicing law by informing Debtor about the need for credit counseling, explaining exemptions, applying exemptions to Debtor's property, classifying debts as secured or priority, and informing Debtor that the presumption did not arise. Brown violated § 110(h)(2) by failing to disclose her fees. The Court finds that Brown shall forfeit her fees in this case in the amount of $400, with such fees being payable to the trustee Kelley Skehen. By attempting to hide her connection to the case by failing to identify herself or provide her social security numbers, the Court finds Brown's actions deceptive. In addition, by practicing law, she has engaged in a

---

[12] The Court is aware that $500 is the maximum that Brown can be fined for each violation. The Court exercises its discretion to fine Brown less than the full amount for each violation – $400 – despite the fact that it is clear from all the evidence that none of Brown's violations were inadvertent, careless or even reckless. Rather, she repeatedly and intentionally violated the statute, and close to the full financial penalty appears to be needed to discourage such outright and wholesale defiance of the law on her part. Further violations may well be met with the largest fines permitted.

"fraudulent, unfair, or deceptive" act.  Under § 110(i)(1) the
Court must order Brown to pay to the Debtor the greater of $2,000
or twice the amount paid, i.e., $2,000. Brown violated five
subsections of the statute and is therefore fined $2,000, which
must be tripled for her failure to disclose her identity.  An
appropriate judgment will enter.

11.  Regarding Lovato's case, Brown violated § 110(b)(1) by
failing to put her name and address on the petition.  Brown
violated § 110(b)(2) by failing to file a properly signed Form
19.  Brown violated § 110(c) by failing to provide her social
security number.  Brown violated § 110(e)(2) by practicing law by
informing Debtor about the need for credit counseling, explaining
exemptions, applying exemptions to Debtor's property, classifying
debts as unsecured or priority, informing Debtor that the
presumption did not arise, and by telling her that the waiting
period between bankruptcies was only five years.  Brown violated
§ 110(h)(2) by failing to disclose her fees.  The Court finds
that Brown shall forfeit her fees in this case in the amount of
$395, with such fees being payable to the trustee Yvette
Gonzales.  By attempting to hide her connection to the case by
failing to identify herself or provide her social security
numbers, the Court finds Brown's actions deceptive.  In addition,
by practicing law, she has engaged in an "fraudulent, unfair, or
deceptive" act.  Under § 110(i)(1) the Court must order Brown to

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 28 of 43

pay to the Debtor the greater of $2,000 or twice the amount paid, i.e., $2,000. Brown violated five subsections of the statute and is therefore fined $2,000, which must be tripled for her failure to disclose her identity. An appropriate judgment will enter.

12. Regarding Robertson's case, Brown violated § 110(b)(1) by failing to put her name and address on the petition. Brown violated § 110(b)(2) by failing to file a properly signed Form 19. Brown violated § 110(c) by failing to provide her social security number. Brown violated § 110(e)(2) by practicing law by informing Debtor about the need for credit counseling, explaining exemptions, applying exemptions to Debtor's property, classifying debts as unsecured or priority, informing Debtor that the presumption did not arise, and by filling out her schedule regarding executory contracts and unexpired leases. Brown violated § 110(h)(2) by failing to disclose her fees. The Court finds that Brown shall forfeit her fees in this case in the amount of $395, with such fees being payable to the trustee Yvette Gonzales. By attempting to hide her connection to the case by failing to identify herself or provide her social security numbers, the Court finds Brown's actions deceptive. In addition, by practicing law, she has engaged in an "fraudulent, unfair, or deceptive" act. Under § 110(i)(1) the Court must order Brown to pay to the Debtor the greater of $2,000 or twice the amount paid, i.e., $2,000. Brown violated five subsections

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 29 of 43

of the statute and is therefore fined $2,000, which must be tripled for her failure to disclose her identity. An appropriate judgment will enter.

13. Regarding Castillo's case, Brown violated § 110(b)(1) by failing to put her name and address on the petition. Brown violated § 110(b)(2) by failing to file a properly signed Form 19. Brown violated § 110(c) by failing to provide her social security number. Brown violated § 110(e)(2) by practicing law by informing Debtor about the need for credit counseling, explaining exemptions, choosing federal exemptions and applying exemptions to Debtor's property, classifying debts as unsecured or priority, and informing Debtor that the presumption did not arise. Brown violated § 110(h)(2) by failing to disclose her fees. The Court finds that Brown shall forfeit her fees in this case in the amount of $395, with such fees being payable to the trustee Linda Bloom. By attempting to hide her connection to the case by failing to identify herself or provide her social security numbers, the Court finds Brown's actions deceptive. In addition, by practicing law, she has engaged in an "fraudulent, unfair, or deceptive" act. Under § 110(i)(1) the Court must order Brown to pay to the Debtor the greater of $2,000 or twice the amount paid, i.e., $2,000. Brown violated five subsections of the statute and is therefore fined $2,000, which must be tripled for her failure to disclose her identity. An appropriate judgment will enter.

14.  Regarding Roberts' case, Brown violated § 110(b)(1) by
failing to put her name and address on the petition.  Brown
violated § 110(b)(2) by failing to file a properly signed Form
19.  Brown violated § 110(c) by failing to provide her social
security number.  Brown violated § 110(e)(2) by practicing law by
informing Debtor about the need for credit counseling, explaining
exemptions, applying exemptions to Debtor's property, classifying
debts as unsecured or priority, and informing Debtor that the
presumption did not arise.  Brown violated § 110(h)(2) by failing
to disclose her fees.  In addition, Brown prepared an amendment
for filing with the Court, and failed to disclose her name,
address and social security number and failed to prepare and file
the Form 19.  The Court finds that Brown shall forfeit her fees
in this case in the amount of $295 plus $50 for the amendment,
with such fees being payable to the trustee Michael Caplan.  By
attempting to hide her connection to the case by failing to
identify herself or provide her social security numbers, the
Court finds Brown's actions deceptive.  In addition, by
practicing law, she has engaged in an "fraudulent, unfair, or
deceptive" act.  Under § 110(i)(1) the Court must order Brown to
pay to the Debtor the greater of $2,000 or twice the amount paid,
i.e., $2,000.  Brown violated nine subsections of the statute
and is therefore fined $3,600, which must be tripled for her

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 31 of 43

failure to disclose her identity.  An appropriate judgment will enter.

15.  Regarding Lee-Tree's case, Brown violated § 110(b)(1) by failing to put her name and address on the petition.  Brown violated § 110(b)(2) by failing to file a properly signed Form 19.  Brown violated § 110(c) by failing to provide her social security number.  Brown violated § 110(e)(2) by practicing law by explaining exemptions, applying exemptions to Debtor's property, classifying debts as unsecured or priority, informing Debtor that the presumption did not arise.  Brown violated § 110(h)(2) by failing to disclose her fees.  The Court finds that Brown shall forfeit her fees in this case in the amount of $395, with such fees being payable to the trustee Michael Caplan.  By attempting to hide her connection to the case by failing to identify herself or provide her social security numbers, the Court finds Brown's actions deceptive.  In addition, by practicing law, she has engaged in an "fraudulent, unfair, or deceptive" act.  Under § 110(i)(1) the Court must order Brown to pay to the Debtor the greater of $2,000 or twice the amount paid, _i.e._, $2,000.  Brown violated five subsections of the statute and is therefore fined $2,000, which must be tripled for her failure to disclose her identity.  An appropriate judgment will enter.

16.  Regarding the Padilla case, their attorney Daniels testified regarding amendments he made to the statements and schedules

originally filed by Brown.  The Court finds that Brown omitted
her name, address, and social security number from the original
papers and failed to file form 19 and failed to disclose her
fees.  Daniel's testimony did not, however, provide a sufficient
basis for finding that Brown practiced law without a license in
this case.  Nor did it establish the fees paid by Padilla to
Brown.  The Court therefore finds four violations of § 110.  By
attempting to hide her connection to the case by failing to
identify herself or provide her social security numbers, the
Court finds Brown's actions deceptive.  Under § 110(i)(1) the
Court must order Brown to pay to the Debtor the greater of $2,000
or twice the amount paid, i.e., $2,000.  Brown violated four
subsections of the statute and is therefore fined $1,600, which
must be tripled for her failure to disclose her identity.  An
appropriate judgment will enter.

17.  Regarding the Trujillo case, Brown violated § 110(b)(1) by
failing to put her name and address on the petition.  Brown
violated § 110(b)(2) by failing to file a properly signed Form
19.  Brown violated § 110(c) by failing to provide her social
security number.  Brown violated § 110(e)(2) by practicing law by
explaining the difference between chapters, explaining
exemptions, applying exemptions to Debtor's property, listing the
debtors' house as being owned JTWROS, classifying debts as
unsecured, secured or priority, informing Debtor that the

Page -33-

presumption did not arise, and giving advice related to omitting the home mortgage creditor from Schedules A and D. Brown violated § 110(h)(2) by failing to disclose her fees. The Court finds that Brown shall forfeit her fees in this case in the amount of $395, with such fees being payable to the trustee Yvette Gonzales. By attempting to hide her connection to the case by failing to identify herself or provide her social security numbers, the Court finds Brown's actions deceptive. In addition, by practicing law, she has engaged in an "fraudulent, unfair, or deceptive" act. Brown violated five subsections of the statute and is therefore fined $2,000, which must be tripled for her failure to disclose her identity. An appropriate judgment will enter.

18. Regarding the McBride case, Brown violated § 110(b)(1) by failing to put her name and address on the petition. Brown violated § 110(b)(2) by failing to file a properly signed Form 19. Brown violated § 110(c) by failing to provide her social security number. Brown violated § 110(e)(2) by practicing law by explaining the difference between chapters and explaining exemptions, and applying exemptions to Debtor's property. Brown violated § 110(h)(2) by failing to disclose her fees. The Court finds that Brown shall forfeit her fees in this case in the amount of $395, with such fees being payable to the trustee Yvette Gonzales. By attempting to hide her connection to the

Case 09-01075-s   Doc 59   Filed 02/08/10   Entered 02/08/10 15:16:37 Page 34 of 43

case by failing to identify herself or provide her social security numbers, the Court finds Brown's actions deceptive. In addition, by practicing law, she has engaged in an "fraudulent, unfair, or deceptive" act. Under § 110(i)(1) the Court must order Brown to pay to the Debtor the greater of $2,000 or twice the amount paid, *i.e.*, $2,000. Brown violated five subsections of the statute and is therefore fined $2,000, which must be tripled for her failure to disclose her identity. An appropriate judgment will enter.

20. A permanent injunction that will bar Brown from acting as a bankruptcy petition preparer is necessary to prevent injury to an unsuspecting public and alleviate the burden on the court system.

21. The Court lacks jurisdiction to enter any relief in this proceeding for Ramirez because she never did file a bankruptcy. She appeared only as a witness, not a plaintiff. Her remedies lie in the state courts.


_____

Honorable James S. Starzynski
United States Bankruptcy Judge


Date Entered on Docket: February 8, 2010

Case 09-01075-s    Doc 59    Filed 02/08/10    Entered 02/08/10 15:16:37 Page 35 of 43

**APPENDIX A**

§ 110. Penalty for persons who negligently or fraudulently prepare bankruptcy petitions

(a) In this section--
    (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and
    (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.
(b) (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to--
        (A) sign the document for filing; and
        (B) print on the document the name and address of that officer, principal, responsible person, or partner.
    (2) (A) Before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.
        (B) The notice under subparagraph (A)--
            (i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
            (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and
            (iii) shall--
                (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
                (II) be filed with any document for filing.
(c) (1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's

Page -36-

signature, an identifying number that identifies individuals who prepared the document.

(2) (A) Subject to subparagraph (B), for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.

(B) If a bankruptcy petition preparer is not an individual, the identifying number of the bankruptcy petition preparer shall be the Social Security account number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.

(d) A bankruptcy petition preparer shall, not later than the time at which a document for filing is presented for the debtor's signature, furnish to the debtor a copy of the document.

(e) (1) A bankruptcy petition preparer shall not execute any document on behalf of a debtor.

(2) (A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).

(B) The legal advice referred to in subparagraph (A) includes advising the debtor--

(i) whether--

(I) to file a petition under this title; or

(II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;

(ii) whether the debtor's debts will be discharged in a case under this title;

(iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;

(iv) concerning--

(I) the tax consequences of a case brought under this title; or

(II) the dischargeability of tax claims;

(v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;

(vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or

(vii) concerning bankruptcy procedures and rights.

(f) A bankruptcy petition preparer shall not use the word "legal" or any similar term in any advertisements, or advertise under any category that includes the word "legal" or any similar term.

Page -37-

(g) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

(h) (1) The Supreme Court may promulgate rules under section 2075 of title 28, or the Judicial Conference of the United States may prescribe guidelines, for setting a maximum allowable fee chargeable by a bankruptcy petition preparer. A bankruptcy petition preparer shall notify the debtor of any such maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor.

(2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

(3) (A) The court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2) found to be in excess of the value of any services--

(i) rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition; or

(ii) found to be in violation of any rule or guideline promulgated or prescribed under paragraph (1).

(B) All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).

(C) An individual may exempt any funds recovered under this paragraph under section 522(b).

(4) The debtor, the trustee, a creditor, the United States trustee (or the bankruptcy administrator, if any) or the court, on the initiative of the court, may file a motion for an order under paragraph (2).

(5) A bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order.

(i) (1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if

Page -38-

any), and after notice and a hearing, the court shall order
the bankruptcy petition preparer to pay to the debtor--
    (A) the debtor's actual damages;
    (B) the greater of--
        (i) $2,000; or
        (ii) twice the amount paid by the debtor to the
        bankruptcy petition preparer for the preparer's
        services; and
    (C) reasonable attorneys' fees and costs in moving for
    damages under this subsection.
(2) If the trustee or creditor moves for damages on behalf
of the debtor under this subsection, the bankruptcy petition
preparer shall be ordered to pay the movant the additional
amount of $1,000 plus reasonable attorneys' fees and costs
incurred.
(j) (1) A debtor for whom a bankruptcy petition preparer has
prepared a document for filing, the trustee, a creditor, or
the United States trustee in the district in which the
bankruptcy petition preparer resides, has conducted
business, or the United States trustee in any other district
in which the debtor resides may bring a civil action to
enjoin a bankruptcy petition preparer from engaging in any
conduct in violation of this section or from further acting
as a bankruptcy petition preparer.
(2) (A) In an action under paragraph (1), if the court
    finds that--
        (i) a bankruptcy petition preparer has--
            (I) engaged in conduct in violation of this
            section or of any provision of this title;
            (II) misrepresented the preparer's experience
            or education as a bankruptcy petition
            preparer; or
            (III) engaged in any other fraudulent,
            unfair, or deceptive conduct; and
        (ii) injunctive relief is appropriate to prevent
        the recurrence of such conduct, the court may
        enjoin the bankruptcy petition preparer from
        engaging in such conduct.
    (B) If the court finds that a bankruptcy petition
    preparer has continually engaged in conduct described
    in subclause (I), (II), or (III) of clause (i) and that
    an injunction prohibiting such conduct would not be
    sufficient to prevent such person's interference with
    the proper administration of this title, has not paid a
    penalty imposed under this section, or failed to
    disgorge all fees ordered by the court the court may
    enjoin the person from acting as a bankruptcy petition
    preparer.

Page -39-

(3) The court, as part of its contempt power, may enjoin a
bankruptcy petition preparer that has failed to comply with
a previous order issued under this section. The injunction
under this paragraph may be issued on the motion of the
court, the trustee, or the United States trustee (or the
bankruptcy administrator, if any).

(4) The court shall award to a debtor, trustee, or creditor
that brings a successful action under this subsection
reasonable attorneys' fees and costs of the action, to be
paid by the bankruptcy petition preparer.

(k) Nothing in this section shall be construed to permit
activities that are otherwise prohibited by law, including rules
and laws that prohibit the unauthorized practice of law.

(l) (1) A bankruptcy petition preparer who fails to comply with
any provision of subsection (b), (c), (d), (e), (f), (g), or
(h) may be fined not more than $500 for each such failure.

(2) The court shall triple the amount of a fine assessed
under paragraph (1) in any case in which the court finds
that a bankruptcy petition preparer--

    (A) advised the debtor to exclude assets or income that
should have been included on applicable schedules;

    (B) advised the debtor to use a false Social Security
account number;

    (C) failed to inform the debtor that the debtor was
filing for relief under this title; or

    (D) prepared a document for filing in a manner that
failed to disclose the identity of the bankruptcy
petition preparer.

(3) A debtor, trustee, creditor, or United States trustee
(or the bankruptcy administrator, if any) may file a motion
for an order imposing a fine on the bankruptcy petition
preparer for any violation of this section.

(4) (A) Fines imposed under this subsection in judicial
districts served by United States trustees shall be
paid to the United States trustees, who shall deposit
an amount equal to such fines in the United States
Trustee Fund.

    (B) Fines imposed under this subsection in judicial
districts served by bankruptcy administrators shall be
deposited as offsetting receipts to the fund
established under section 1931 of title 28, and shall
remain available until expended to reimburse any
appropriation for the amount paid out of such
appropriation for expenses of the operation and
maintenance of the courts of the United States.

Copies of these findings of fact
and conclusions of law will be
transmitted to:

Leonard K Martinez-Metzgar
Office of United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Pamela Brown, Southwest Bankruptcy Services
Southwest Document Services
2917 Carlisle Blvd., NE #211
Albuquerque, NM 87110

Terrence D. Martin
7201 Winans Dr NE
Albuquerque, NM 87109

Lynne M. Martin
7201 Winans Dr NE
Albuquerque, NM 87109

Timothy Felix Tree
10600 Cibola Loop NW #731
Albuquerque, NM 87114

Donna Katherine Lee-Tree
10600 Cibola Loop NW #731
Albuquerque, NM 87114

Thomas A Trujillo
700 Gold St
Raton, NM 87740

Geraldine M Trujillo
700 Gold St
Raton, NM 87740

Dan R McBride
P O Box 2086
Santa Fe, NM 87504

Jessica Lynn Robertson
10508 Constitution Ave
Albuquerque, NM 87112

Kevin Lowe Roberts
10072 Menaul Blvd NE Apt E 21
Albuquerque, NM 87112

Scott E Castillo
1374 Fireweed Dr
Rio Rancho, NM 87144

Sharon C Lovato
6151 Airport Rd. #19
Santa Fe, NM 87507

Gerald R Velarde
Attorney for Sharon C Lovato
2531 Wyoming Blvd NE
Albuquerque, NM 87112-1027

Willie Cruz Padilla
104 Riata Trail SE
Rio Rancho, NM 87124

Rita Lee Padilla
104 Riata Trail SE
Rio Rancho, NM 87124

Michael K Daniels
Attorney for Willie Cruz Padilla
and Rita Lee Padilla
PO Box 1640
Albuquerque, NM 87103-1640

Robert Ernest Jordan
6300 Lamy St. NW
Albuquerque, NM 87120

Billie Jo Jordan
6300 Lamy St. NW
Albuquerque, NM 87120

Philip J. Montoya
Trustee
PO Box 159
Albuquerque, NM 87103

Michael J. Caplan
Trustee
827 E Santa Fe Ave
Grants, NM 87020-2458

Yvette Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037

Linda S. Bloom
Trustee
PO Box 218
Albuquerque, NM 87103-0218

Kelley L. Skehen
Trustee
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111